# 25-1873-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

➤➤◄◄

CAONAISSA WON,

*Plaintiff-Appellant,*

*v.*

AMAZON.COM SERVICES, LLC,

*Defendant-Appellee,*

AMAZON.COM SERVICES, INC.,

*Defendant.*

*On Appeal from the United States District Court
for the Eastern District of New York*

## BRIEF AND SPECIAL APPENDIX
## FOR PLAINTIFF-APPELLANT

LaDonna M. Lusher
VIRGINIA & AMBINDER, LLP
*Attorneys for Plaintiff-Appellant*
40 Broad Street, 7th Floor
New York, New York 10004
212-943-9080



PHP (212) 719-0990
appeals@phpny.com

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ..................................................................................... iii

JURISDICTIONAL STATEMENT ..........................................................................1

ISSUES PRESENTED FOR REVIEW ......................................................................3

STATEMENT OF FACTS ........................................................................................4

I.        Background.................................................................................................4

II.       Procedural History .....................................................................................7

STANDARDS OF REVIEW ......................................................................................8

SUMMARY OF ARGUMENT .................................................................................10

ARGUMENT ...........................................................................................................12

I.        The District Court Erred in Granting Amazon's Summary Judgment
          Motion on Won's NYCHRL Claim of Caregiver Discrimination...............12

          A. A Jury Could Reasonably Find That Won Did Not Receive the Same
             Terms, Conditions, and Privileges of Employment on Account of
             Being a Caregiver .................................................................................12

          B. Won's Claim of Discrimination Under the NYCHRL.............................15

          C. The District Court Erroneously Elevated Won's Burden Under the
             NYCHRL..............................................................................................18

          D. The District Court Misinterpreted the Legislative History Demonstrating
             that the NYCHRL Protects Caregivers from Differential Treatment ......19

          E. The District Court's Complete Disregard for the NYCCHR's Guidance
             on Caregiver Discrimination Was Clear Error .......................................23

II.      Additional Evidence Submitted By Won Supports That a Jury Could Find In Her Favor on Her NYCHRL Discrimination Claim ........................................ 31

CONCLUSION .................................................................................................... 34

## TABLE OF AUTHORITIES

CASES                                                                   PAGE

*Acosta v. Loews Corp.,*
276 A.D.2d 214 (1st Dep't 2000) ......................................................................25

*Albunio v. City of New York,*
16 N.Y.3d 472 (2011) ....................................................................................14

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) .........................................................................................9

*Andryeyeva v. New York Health Care, Inc.,*
33 N.Y.3d 152 (2019) .............................................................................24, 28

*Beason v. United Techs. Corp.,*
337 F.3d 271 (2d Cir. 2003) ...........................................................................29

*Bennett v. Health Management Systems, Inc.,*
92 A.D.3d 29 (1st Dep't 2011) ........................................................................14

*Bldg. Trades Emplrs. Educ. Ass'n v. McGowan,*
311 F.3d 501 (2d Cir. 2002) .....................................................................27, 28

*Cadet-Legros v. N.Y. Univ. Hosp. Ctr.,*
135 A.D.3d 196 (1st Dep't 2015).....................................................................14

*Car-Freshner Corp. v. Am. Covers, LLC,*
980 F.3d 314 (2d Cir. 2020)..............................................................................8

*Chaplin v. Permission Data LLC,*
2022 N.Y. Misc. LEXIS 35481 (Sup. Ct. N.Y. Cnty. July 25, 2022) ..............17, 31

*Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.,*
467 U. S. 837 (1984) .......................................................................................27

*Chufen Chen v. Dunkin' Brands, Inc.,*
954 F.3d 492 (2d Cir. 2020)..............................................................................9

*City of New York ex rel. Lerman v. E-J Elec. Installation Co.*,
2025 N.Y. Misc. LEXIS 1813 (NY. Sup. Ct. March 27, 2025) ............................27

*Cojocaru v. City Univ. of N.Y.*,
2019 U.S. Dist. LEXIS 221050 (S.D.N.Y. Dec. 26, 2019) ...................................27

*De la Rosa v. 597 Broadway Dev. Corp.*,
2015 U.S. Dist. LEXIS 158089 (S.D.N.Y. Aug. 4, 2015)...............................25, 29

*East Fork Funding LLC v. U.S. Bank, N.A.*,
118 F.4th 488 (2d Cir. 2024) ...............................................................................10

*Erie R. Co. v. Tompkins*,
304 U.S. 64 (1938)................................................................................................23

*Espinal v. Goord*,
558 F.3d 119 (2d Cir. 2009) .................................................................................33

*Fair Hous. Just. Ctr., Inc. v. Pelican Mgmt. Inc.*,
2023 U.S. Dist. LEXIS 175084 (S.D.N.Y. Sept. 29, 2023),
*aff'd*, 2025 U.S. App. LEXIS 1242 (2d Cir. Jan. 21, 2025) .............................27, 30

*Gallo v. Prudential Residential Servs., Ltd. Pshp.*,
22 F.3d 1219 (2d Cir. 1994)....................................................................................8

*Gehlaut v. N.Y.C. Dep't of Educ.*,
2025 U.S. App. LEXIS 23110 (2d Cir. Sept. 8, 2025) ...........................................15

*Hernandez v. Kaisman*,
957 N.Y.S.2d 53 (1st Dep't 2012)...........................................................................33

*Hunter v. Debmar-Mercury LLC*,
2023 U.S. Dist. LEXIS 155458 (S.D.N.Y. 2023) ..................................................14

*Huntley v. City of New York*,
2024 WL 3070013 (N.Y. Sup. Ct. June 20, 2024) ...........................................17, 31

*Imperial Diner v State Human Rights Appeal Bd.*,
52 N.Y.2d 72 (1980) ..............................................................................................26

*International Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.*,
303 F.3d 419 (2d Cir. 2002).................................................................9

*Jackson v. Fed. Express*,
766 F.3d 189 (2d Cir. 2014)..................................................................8

*Khan v. Yale Univ.*,
27 F.4th 805 (2d Cir. 2022) ...............................................................10

*Khan v. Yale Univ.*,
295 A.3d 855 (Conn. 2023) .................................................................10

*Loeffler v Staten Island Univ. Hosp.*,
582 F.3d 268 (2009)....................................................................12, 14

*Long Island Hous. Servs., Inc. v. NPS Holiday Square LLC*,
2023 U.S. Dist. LEXIS 12330 (E.D.N.Y. 2023).............................23, 29

*Loper Bright Enters v. Raimondo*,
603 U.S. 369 (2024) ...........................................................................27

*Matter of Arif v. New York City Taxi & Limousine Commn.*,
3 A.D.3d 345 (1st Dep't 2004)............................................................30

*Matter of Bd. of Educ. of Farmingdale Union Free Sch. Dist. v.
New York State Div. of Hum. Rts., 56 N.Y.2d 257 (1982)* ....................26

*Matter of Chesterfield Assoc. v New York State Dept. of Labor*,
4 N.Y.3d 597 (2005) ...........................................................................24

*Matter of Colt Indus., Inc. v. New York City Dept. of Fin.*,
66 N.Y.2d 466 (1985) ....................................................................24, 25

*Matter of Howard v. Wyman*,
28 N.Y.2d 434 (1971) ..........................................................................24

*Matter of Jun Wang v. James*,
40 N.Y.3d 497 (2023) .....................................................................25, 26

*Matter of Mounting & Finishing Co. v. McGoldrick*,
294 N.Y. 104 (1945) ......................................................................24

*Matter of New York Pub. Interest Research Group v.*
*New York State Dept. of Ins.*, 66 N.Y.2d 444 (1985) ...............24

*Matter of Peckham v. Calogero*,
12 N.Y.3d 424 (2009) ...................................................................24

*Matter of Rosen v Public Empl. Relations Bd.*,
72 N.Y.2d 42 (1988) .....................................................................25

*Mauer v. Pension Comm. of the NBA Referees' Pension Plan*,
2025 U.S. App. LEXIS 3870 (2d Cir. 2025) ..............................8

*McElwee v. Cnty. of Orange*,
700 F.3d 635 (2d Cir. 2012)........................................................8

*Melman v Montefiore Med. Ctr.*,
98 A.D.3d 107 (1st Dept. 2012)...................................................15

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013)..............................8, 14, 15, 32, 33

*Morse v Fidessa Corp.*,
165 A.D.3d 61 (1st Dep't 2018) ..................................................14

*Nelson v HSBC Bank*,
87 A.D.3d 995 (2011) ...................................................................14

*Newson v. Vivaldi Real Estate Ltd.*,
235 A.D.3d 147 (1st Dep't 2025) ..........................................13, 30

*Noble v. Career Educ. Corp.*,
375 Fed. Appx. 102 (2d Cir. 2010) .............................................9

*O'Halloran v. Metropolitan Transp. Auth.*,
154 A.D.3d 83 (1st Dep't 2017) ..................................................15

vi

*Owens v. PricewaterhouseCoopers LLC,*
786 F. Supp. 3d 831 (S.D.N.Y. 2025) .......................................................................29

*Palmer v. Cook,*
65 Misc. 3d 374 (Sup. Ct. Queens Cnty. Aug. 5, 2019) ....................................18, 31

*Parker v. Israel Disc. Bank of N.Y., Inc.,*
2025 U.S. App. LEXIS 15897 (2d Cir. 2025) ................................................. 8-9, 14

*Prerna Singh v. MeetUp LLC,*
750 F. Supp. 3d 250 (S.D.N.Y. Aug. 22, 2024) ......................................................29

*Prerna Singh v. Meetup LLC,*
2024 U.S. Dist. LEXIS 198268 (S.D.N.Y. Oct. 31, 2024).......................................26

*Ramos v. SimplexGrinnell LP,*
740 F.3d 852 (2d Cir. 2014) ....................................................................................28

*Reyes v. City of New York,*
141 F.4th 55 (2d Cir. 2025) ............................................................................9, 23, 27

*Riverbay Corp. v. New York City Commn. on Human Rights,*
2011 N.Y. Misc. LEXIS 7105 (Sup. Ct. Bx Cnty., Sept. 9, 2011).........................25

*Salvati v. Eimicke,*
72 N.Y.2d 784 (N.Y. Ct. Appeals 1988) ...............................................24, 25, 28, 31

*Samiento v. World Yacht Inc.,*
10 N.Y.3d 70 (2008) .............................................................................24, 25, 28, 31

*Schneider v. Feinberg,*
345 F.3d 135 (2d Cir. 2003)...............................................................................27, 30

*State Div. of Human Rights ex rel. Cottongim v. County of Onondaga Sheriff's Dep't,*
71 N.Y.2d 623 (1988) ...............................................................................................26

*Thior v. Jetblue Airways Corp.,*
2021 N.Y. Misc. LEXIS 2923 (NY Sup. Ct. May 27, 2021) ..................... 15, 18-19

*Tiffany & Co. v. Costco Wholesale Corp.*,
971 F.3d 74 (2d Cir. 2020)..................................................................8

*Travelers Ins. Co. v. 633 Third Assocs.*,
14 F.3d 114 (2d Cir.1994).................................................................9

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966).........................................................................23

*Van Vorst v. Lutheran Healthcare*,
2020 U.S. Dist. LEXIS 234633 (E.D.N.Y. 2020) ...................................... 24-25, 29

*Williams v. New York City Housing Authority*,
61 A.D.3d 62 (1st Dep't 2009).....................................................13, 14, 15

*Won v. Amazon.Com Services, Inc.*,
20-cv-2811 (E.D.N.Y.) ......................................................................7

## STATUTES

28 U.S.C. § 1291 ................................................................................1

Fed. R. Civ. P. 56 ..............................................................................1

Local Law No. 85 (2005) of City of New York § 1 ................................................13

Labor Law § 196-d.............................................................................24

NYC Admin. Code § 8-101 ...................................................................1, 26

NYC Admin. Code § 8-102 ................................................................... 15-16

NYCHRL §8-107 *et seq.* .......................................................................7

NYCHRL § 8-107 (1)(a)(3) .................................................................13, 16, 22

NYCHRL § 8-130 *et seq.*...........................................................................*passim*

NYCHRL § 8-130(a) ........................................................................14

NYCHRL § 8-130(c) ........................................................................14

NYSHRL § 290 *et seq.* ......................................................................7

Uniformed Services Employment and Reemployment Rights Act of 1994,
38 USC §§ 4301-4335 *et seq.* ("USERRA") ...........................................7

## JURISDICTIONAL STATEMENT

Plaintiff-Appellant Caonaissa Won ("Won" or "Appellant") seeks partial vacatur of a memorandum and order of the United States District Court for the Eastern District of New York (the "District Court") entered on June 30, 2025 that granted summary judgment to Defendant Amazon.com Services LLC ("Amazon") pursuant to Fed. R. Civ. P. 56, and denied Won's cross-motion for partial summary judgment (the "Order"), and the corresponding judgment entered on July 1, 2025 that dismissed her claims (the "Judgment"). Won's appeal is limited to the District Court's dismissal of her first cause of action alleging that Amazon violated the New York City Human Rights Law, NYC Admin. Code, §8-101 *et seq.* ("NYCHRL") by discriminating against Won based on her status as a caregiver.

This Court has jurisdiction to hear this matter under 28 U.S.C. § 1291, in that Won appeals from a final judgment of the District Court, the Honorable Nicholas G. Garaufis, U.S.D.J. presiding. Won's appeal is also timely, as the District Court entered the Judgment on July 1, 2025, and Won filed her notice of appeal on July 30, 2025.

Won's appeal should be granted in its entirety as Amazon treated Won less well based on her status as a caregiver by denying Won a schedule adjustment that Amazon provides to its other employees for non-caregiving reasons. The District Court failed to recognize this clear violation of the NYCHRL, and incorrectly

1

granted summary judgment to Amazon. In doing so, the District Court failed to broadly construe the NYCHRL's protections, erred in misinterpreting the statute's legislative history, and refused to follow guidance from the New York City Commission on Human Rights (the "NYCCHR") that demonstrates Amazon's policy of declining schedule adjustments for caregiving reasons when it allows schedule adjustments for other reasons violates the NYCHRL. The District Court also erroneously applied federal principles to state substantive law. Accordingly, the District Court's Order and Judgment must be reversed.

## ISSUES PRESENTED FOR REVIEW

1. Whether the District Court erred in granting summary judgment to Amazon and dismissing Won's NYCHRL caregiver discrimination claim? This question should be answered in the affirmative.

2. Whether the District Court erred in finding that the NYCHRL does not require Amazon to provide the same terms, conditions, and privileges of employment—such as flexible scheduling—to employees for caregiving duties that Amazon offers to employees for non-caregiving reasons? This question should be answered in the affirmative.

## STATEMENT OF FACTS

### I.   Background

Caonaissa Won is a single mother and member of the United States Army Reserves who began working for Amazon in early July 2019 at the Staten Island, New York "JFK8" facility. *See* Plaintiff-Appellant's Appendix ("A") A93-94, ¶¶ 39-44; A135-140,152-154, 160, 191, 235, 348; Plaintiff-Appellant's Sealed Appendix ("SA") SA24.  Amazon hired Won as a Fulfillment Associate and paid her an hourly rate of $17.50.  SA 2-3; A37. Amazon assigned Won to work 10-hour shifts on Mondays, Tuesdays, Wednesdays, and Sundays. A97, ¶ 63; SA32. Won was permitted one 30-minute break and two 15-minute breaks per shift. A97, ¶ 64; A254.

Having observed signs posted around JFK8 advertising that Amazon offered flexible schedules to employees, Won informed Amazon that she was the sole custodial parent to her then seven-year-old son, and would need a modest schedule adjustment when the school season started to enable her to transport her son to and from school. A97, ¶ 60-61; A111, ¶ 150; A50, 224-225, A249-250. Won requested that she be allowed to arrive 15 minutes later than her scheduled start time and leave 15 minutes earlier than her scheduled end time, three days per week. A97-98, ¶ 65; A248-249; SA5-6. Won offered to work through her two 15-minute breaks to make up for any missed time. A97-98, ¶ 65; A248-249; SA5-6.

Won requested her schedule modification on three different occasions, including directly speaking with representatives in Amazon's Human Resources department ("HR") and at the Human Resources desk (the "HR desk") in the JFK8 facility.[1] A98-100, ¶¶ 68-81; A225-230, 248-251, 594; A601, ¶ 26; SA5-6. Amazon continuously denied Won's request, informing Won that her schedule adjustment was "impossible." A99, ¶¶ 72-73; A227. When Won asked about the flexible scheduling Amazon claims to provide its employees, an HR representative told Won that Amazon permits employees to alter their work schedule to accommodate their own school schedule, but not to transport an employee's child to/from school. A99-100, ¶¶ 70, 82; A601, ¶ 26; SA5-6. Won was further told "[i]f you can't abide by the schedule, then you can't work here." A99, ¶¶ 76-77; A227-228.

On September 6, 2019, Won made another attempt to obtain the schedule modification, entering JFK8 on her day off with her son in order to provide a copy of her son's school schedule, which Amazon had requested. A99, ¶ 79; A227-230. Again, Won's request was denied and she was ultimately terminated. A105-106, ¶¶ 118-120; A151-153, 155, 191-192, 223-224, 594; SA41, 47. Amazon claimed that

---

[1] At least one of Won's requests was documented in Amazon's PeopleSoft database which is utilized by Amazon to store employee information, and reviewed by Amazon's HR representatives. A113; SA5-6.

5

Won's entry into the facility with her son allegedly violated Amazon's policy against using an employee badge to swipe another person into Amazon's building.[2] SA47.

Amazon acknowledges that Won requested a schedule adjustment for approximately 30 minutes three times per week in order to transport her child to and from school. A98, ¶¶ 67, 69; SA5-6. Amazon refused to grant Won the schedule adjustment as it is Amazon's policy that "Amazon does not offer scheduling accommodations for childcare obligations." A29, ¶ 36. Yet, Amazon admits that it grants employees schedule modifications for non-caregiving reasons, such as a "school schedule adjustment" to accommodate that employee's own educational pursuits. A100-101, ¶¶ 83-86; A601-606, ¶¶ 26, 27, 30, 34, 36; A247; SA14-15. Amazon admits that it has granted schedule accommodations "to at least one employee" that modified the employee's work schedule so that the employee could attend school. A101 ¶ 86; A605, ¶ 34; SA14-15. Amazon further admits that "[i]f Ms. Won had requested an accommodation . . . to further her own education, Amazon would have granted the request." A99, ¶ 70; A601, ¶ 26; A28-29, ¶ 35. It is thus undisputed that the only reason Amazon did not grant Won's schedule request was because she needed it for caregiving duties. A99-100, ¶¶ 70, 82; A601, ¶ 26; A28-29.

---

[2] Won does not appeal that part of the District Court's Order addressing her termination.

## II.    Procedural History

Won commenced this action on June 24, 2020.[3] Her claim relevant to this appeal alleged that Amazon treated her less well than others because of her status as a caregiver in violation of NYCHRL §8-107 *et seq*. A35-44.[4] On October 12, 2024, Amazon moved for summary judgment seeking to dismiss Won's claims.[5] Won opposed and cross-moved for summary judgment solely on her claims for NYCHRL caregiver discrimination and retaliation.[6]  The District Court denied Won's cross-motion and granted Amazon's motion in full. A694-719.

The District Court's Order and Judgment should be reversed because it erred in holding that Amazon did not violate the NYCHRL.  It is undisputed that Amazon denied Won's requests for a minor schedule modification solely because the reason for the request was to enable her to drop off and pick up her then seven-year-old son from school. At the same time, it is undisputed that Amazon's policy allows schedule modifications for other reasons, and that Amazon would have granted Won's request

---

[3] *Won v. Amazon.Com Services, Inc.*, 20-cv-2811 (E.D.N.Y.), at Doc. No. 1.

[4] Won's Complaint also alleged that she was discriminated against and unlawfully terminated based on her status as a military member and for taking military leaves of absence in violation of the NYCHRL and the New York State Human Rights Law, the New York Executive Law § 290, *et seq.* ("NYSHRL"), and that Amazon failed to reemploy her upon her return from military leave in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 USC §§ 4301-4335 et seq. ("USERRA"). Won does not appeal the dismissal of her other claims. A35-48.

[5] *Won v. Amazon.Com Services, Inc.*, 20-cv-2811 (E.D.N.Y.), at Doc. No. 65.

[6] *Won v. Amazon.Com Services, Inc.*, 20-cv-2811 (E.D.N.Y.), at Doc. No. 65.

if it was for a different reason, such as for her own education. Amazon's policy therefore discriminates against caregivers like Won. Amazon violated the NYCHRL by treating Won less well than others based on her status as a caregiver, warranting reversal.

## STANDARDS OF REVIEW

A *de novo* standard of review is applied to a district court's decision on summary judgment, where the evidence must be construed in the light most favorable to the non-moving party and all reasonable inferences drawn in their favor. *See e.g., Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013) (citing *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012)); *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326 (2d Cir. 2020) (citing *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 83 (2d Cir. 2020)); *Mauer v. Pension Comm. of the NBA Referees' Pension Plan*, 2025 U.S. App. LEXIS 3870, at *3 (2d Cir. 2025); *Jackson v. Fed. Express*, 766 F.3d 189, 192 (2d Cir. 2014) ("We view the record in the light most favorable to appellant.") (citing *Gallo v. Prudential Residential Servs., Ltd. Pshp.*, 22 F.3d 1219, 1223-24 (2d Cir. 1994) ("on de novo review of summary judgment, 'all ambiguities must be resolved and all inferences drawn in favor of' the non-moving party.")). "Summary judgment is proper only if no 'reasonable jury could return a verdict for the nonmoving party.'" *Parker v. Israel*

8

*Disc. Bank of N.Y., Inc.*, 2025 U.S. App. LEXIS 15897, at *2 (2d Cir. 2025) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Where a district court's finding is premised on an application of a local law – here the NYCHRL – the district court's statutory interpretation is also reviewed *de novo*. *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 497 (2d Cir. 2020). "When, as here, an appeal turns on a construction of state law, [this Court] must determine how the New York Court of Appeals has interpreted, or would interpret, the relevant language, giving the 'fullest weight' to pronouncements of the state's highest court and, where they are not dispositive, giving 'proper regard' to relevant rulings of the state's lower courts." *Noble v. Career Educ. Corp.*, 375 Fed. Appx. 102, 103 (2d Cir. 2010) (citing *International Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.*, 303 F.3d 419, 423 (2d Cir. 2002)); *Chufen Chen*, 954 F.3d at 497 ("Absent a clear directive from a state's highest court, 'federal authorities must apply what they find to be the state law after giving proper regard to relevant rulings of other courts of the State.'") (*citing Travelers Ins. Co. v. 633 Third Assocs.,* 14 F.3d 114, 119 (2d Cir.1994)).

In the absence of such controlling authority, "a federal court next properly considers whether state-law principles of statutory interpretation and related precedents permit it to 'predict how the forum state's highest court would decide' the point at issue." *Reyes v. City of New York*, 141 F.4th 55, 68-69 (2d Cir. 2025)

(citing *Khan v. Yale Univ.*, 27 F.4th 805, 831 (2d Cir. 2022) (internal quotation marks omitted), certified question answered, 347 Conn. 1, 295 A.3d 855 (2023); *East Fork Funding LLC v. U.S. Bank, N.A.*, 118 F.4th 488, 503 (2d Cir. 2024) (Liman, J., concurring) (reasoning federal courts should apply state, "and not federal, principles of statutory interpretation" when construing state law).

## SUMMARY OF ARGUMENT

The District Court's Order and Judgment granting Amazon's motion for summary judgment and dismissing Won's NYCHRL discrimination claim should be vacated. Won's NYCHRL discrimination claim is straightforward. She sought to obtain the same terms, conditions, and privileges of employment—a minor schedule modification—for caregiving reasons as other employees indisputably receive for non-caregiving reasons. Won did not seek special treatment or an "accommodation," but rather, equal treatment under the law. Amazon admits that it denied Won's request, and did so precisely because she sought the modification for caregiving. Amazon further admits that if Won's schedule request had been for the non-caregiving reason of attending school herself, Won's request would have been granted. Accordingly, Amazon treated Won "less well" than its other employees solely because she is a caregiver - a protected status under the NYCHRL. Amazon's policy and refusal to treat Won's caregiving schedule request equally to non-

10

caregiving schedule requests constitutes unlawful discrimination in violation of the NYCHRL.

In granting summary judgment to Amazon, the District Court erred by: (i) failing to find that Won's caregiving schedule request was entitled to equal treatment under the plain text of the NYCHRL; (ii) failing to recognize the unambiguous legislative history that demonstrates the legislature intended for caregiving schedule requests to be treated equally to non-caregiving schedule requests; (iii) incorrectly heightening Won's burden under the NYCHRL and construing Won's claim as one for a reasonable accommodation; (iv) failing to follow preeminent guidance from the NYCCHR interpreting the NYCHRL; and (v) disregarding additional evidence that supports Won's claim.

Amazon's motion for summary judgment on Won's caregiver discrimination claim should have been denied. It is beyond dispute that a rational jury could find in Won's favor on her claim of caregiver discrimination under the NYCHRL.

## ARGUMENT

I. **The District Court Erred in Granting Amazon's Summary Judgment Motion on Won's NYCHRL Claim of Caregiver Discrimination**

### A. A Jury Could Reasonably Find That Won Did Not Receive the Same Terms, Conditions, and Privileges of Employment on Account of Being a Caregiver

The NYCHRL is a remedial statute that was enacted by the New York City Council ("NYC Council")[7] to provide stronger protections against discrimination than its state and federal counterparts. *Loeffler v Staten Island Univ. Hosp.*, 582 F3d 268, 278 (2d Cir. 2009). The NYCHRL prohibits employers, like Amazon, from discriminating against its employees, and specifically includes caregivers as one of its protected classes, stating that:

It shall be an unlawful discriminatory practice:

(a)  For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, *caregiver status,* sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, or immigration or citizenship status of any person:

(1)  To represent that any employment or position is not available when in fact it is available;

(2)  To refuse to hire or employ or to bar or to discharge from employment such person; or

---

[7] The New York City Council is New York City's legislative body and is tasked with introducing and voting on legislation for New York City. *See* https://council.nyc.gov/about.

12

(3) To discriminate against such person in compensation or in terms, conditions or privileges of employment.

NYC Admin. Code § 8-107(1)(a)(3) (emphasis added). Under NYC Admin. Code § 8-102, a "caregiver" is defined as "a person who provides direct and ongoing care for a minor child or a care recipient." It is undisputed that Won provided direct and ongoing care to her minor child and thus qualifies as a caregiver.

The NYC Council has always intended for the NYCHRL to be broadly construed. In 2005, the NYC Council enacted the Local Civil Rights Restoration Act of 2005 (the "Restoration Act") to restore construction of the NYCHRL to the NYC Council's original intent, and overrule cases that had incorrectly utilized more restrictive federal doctrines to construe it. *Williams v. New York City Housing Authority*, 61 A.D.3d 62 (1st Dep't 2009); *Newson v. Vivaldi Real Estate Ltd.*, 235 A.D.3d 147, 151 (1st Dep't 2025) (noting that Restoration Act was passed "'to clarify the scope of the [NYCHRL],' which the City Council determined was being 'construed too narrowly to ensure protection of the civil rights of all persons covered by the law.'") (quoting Local Law No. 85 (2005) of City of New York § 1).

The Restoration Act instructs that the NYCHRL "be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York state civil and human rights laws, including those laws with provisions worded comparably to provisions of this title, have been so

13

construed." NYC Admin. Code 8-130(a). The NYCHRL must also be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" NYC Admin. Code § 8-130(c) (citing *Albunio v. City of New York*, 16 N.Y.3d 472 (2011); *Bennett v. Health Management Systems, Inc.*, 92 A.D.3d 29 (1st Dep't 2011); *Williams v. New York City Housing Authority*, 61 A.D.3d 62 (1st Dep't 2009)); *Nelson v HSBC Bank*, 87 A.D.3d 995, 995 (2011); *Loeffler v Staten Island Univ. Hosp.*, 582 F3d 268, 278 (2009).

NYCHRL claims are analyzed "'separately and independently from any federal and state law claims' because the NYCHRL sets a lower bar for actionable claims." *Parker*, 2025 U.S. App. LEXIS 15897, at *6 (quoting *Mihalik*, 715 F.3d at 109); *see also Cadet-Legros v. N.Y. Univ. Hosp. Ctr.*, 135 A.D.3d 196, 21 N.Y.S.3d 221, 226 (1st Dep't 2015) (explaining that "the uniquely broad and remedial purposes of the City HRL . . . differs significantly from federal civil rights law")). New York courts have recognized their obligation to "play a highly active role in the development of the City HRL by interpreting all cases in a manner consistent with the goal of providing unparalleled strength in deterring and remedying discrimination." *Morse v Fidessa Corp.*, 165 A.D.3d 61, 67 (1st Dep't 2018); *Hunter v. Debmar-Mercury LLC*, 2023 U.S. Dist. LEXIS 155458, at *13 (S.D.N.Y. 2023); *Williams*, 61 A.D.3d at 74-75.

14

**B. Won's Claim of Discrimination Under the NYCHRL**

To establish a claim of employment discrimination under the NYCHRL, a plaintiff need only show that her employer treated her "less well" or that she had "inferior terms, conditions or privileges of employment," at least in part, due to her protected status. *Mihalik*, 715 F.3d at 110; *Gehlaut v. N.Y.C. Dep't of Educ.*, 2025 U.S. App. LEXIS 23110, at *3 (2d Cir. Sept. 8, 2025) (same). "There is no need to demonstrate animus: 'intentional discrimination simply involves treating one person less well than another because of protected class status; it does not require evidence of animus.'" *Thior v. Jetblue Airways Corp.*, 2021 N.Y. Misc. LEXIS 2923, *29-30 (NY Sup. Ct. May 27, 2021) (*quoting Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 140 and n 9 (1st Dept 2012)). A plaintiff is not required to suffer a materially adverse action to succeed on a claim under the NYCHRL. *Mihalik*, 715 F.3d at 114; *O'Halloran v Metropolitan Transp. Auth.*, 154 AD3d 83, 91 (1st Dep't 2017). "[A] focus on unequal treatment based on [a protected characteristic] -- regardless of whether the conduct is 'tangible' (like hiring or firing) or not -- is in fact the approach that is most faithful to the uniquely broad and remedial purposes of the local statute." *Mihalik*, 715 F.3d at 114 (quoting *Williams*, 872 N.Y.S.2d at 79).

Here, Won established a claim of discrimination under the NYCHRL. It is undisputed that Won requested a minor modification to her work schedule for her caregiving duties, which is a protected status under the NYCHRL. See NYC Admin.

15

Code § 8-102. Amazon admits that it has a scheduling modification policy, but that this policy does not apply if the request for a schedule modification is due to being a caregiver, and that Amazon denied Won's request on that basis. A28-29, ¶ 35; A601-606, ¶¶ 26, 27, 30, 34, 36; A91, ¶ 36; A247; SA5-6, 14-18. Amazon admits that it grants schedule adjustments for non-caregiving reasons, including for employees who attend various classes, schools, and courses. *Id*. Amazon readily admits that had Won requested the exact schedule modification to attend class as a student—rather than to care for her son—her request would have been granted. A28-29, ¶ 35.

These facts are more than sufficient for a jury to find that Won was treated "less well" or had "inferior terms, conditions or privileges of employment," due to being a caregiver, which is a clear violation of the NYCHRL. NYC Admin. Code § 8-107(1)(a)(3) ("it shall be an unlawful discriminatory practice: for an employer... because of the ... caregiver status...of any person to (3) discriminate against such person in compensation or in terms, conditions, or privileges of employment").

Examples of caregiver discrimination put forth by the NYCCHR specifically state that "[a]n employer cannot provide certain benefits, *like flexible scheduling*, to some employees and refuse to provide the same benefits to employees who request them *because of caregiving responsibilities*." A609 (emphasis added); A608 (same); A611. The NYCCHR further clarifies that "[e]mployers do NOT have to offer

accommodations to employees because of their caregiving responsibilities. For example, employers are not required to change an employee's shift or allow them to leave work early just because they have caregiving responsibilities. *Employers CANNOT, however, deny these benefits to employees with caregiving responsibilities if they provide these benefits to other employees*." A608 (emphasis added) & A609-610 (emphasis added); *see also* A611.

Numerous courts have upheld caregiver discrimination claims that are substantially similar to Won's. These courts recognize that denying an employee's scheduling request for caregiving reasons supports a discrimination claim under the NYCHRL in situations where other employees were provided schedule adjustments for non-caregiving reasons. *See e.g., Chaplin v. Permission Data, LLC*, 2022 N.Y. Misc. LEXIS 35481, at *22-26, 35-36 (Sup. Ct. N.Y. Cnty. Jul. 25, 2022) (denying the defendant's summary judgment motion as to plaintiff's NYCHRL caregiver discrimination claim because evidence demonstrated that other employees were granted schedule accommodations for non-caregiving reasons, including to attend school, and plaintiff was denied schedule accommodations requested for his caregiving duties, including needing to transport his son to school); *Huntley v. City of New York*, Inex No. 151697/2023 at Doc. No. 27, p.5, 2024 WL 3070013 (N.Y. Sup. Ct. June 20, 2024) (finding an inference of discriminatory intent where plaintiff alleged that other employees had their schedules adjusted but that she was denied a

17

schedule adjustment for caregiving responsibilities and holding that "although caregivers are not entitled to accommodations under the NYSHRL and NYCHRL, there is a duty under the NYCHRL not to discriminate against caregivers."); *Palmer v. Cook*, 65 Misc. 3d 374, 388-389 (Sup. Ct. Queens Cnty. Aug. 5, 2019) (denying motion to dismiss caregiver discrimination claim where the plaintiff alleged, *inter alia*, that schedule adjustments were denied because they were for caregiver duties).

The application of this caselaw and guidance to Won's claim is straightforward—Amazon cannot provide certain benefits, like flexible scheduling to some employees and refuse to provide that same benefit to other employees, such as Won, who requested that benefit for "caregiving responsibilities." A608-611. Accordingly, a jury could easily find that Amazon violated the NYCHRL by discriminating against Won because she is a caregiver.

## C. The District Court Erroneously Elevated Won's Burden Under the NYCHRL

In granting summary judgment, the District Court held that "[t]he evidence of discriminatory intent set forth by Won is so 'slight' that no rational jury could find in her favor." A.707-708. This conclusion, however, demonstrates that the District Court placed a higher burden on Won than required by the NYCHRL. First, animus is not required to establish a claim under the NYCHRL. *Thior, supra,* 2021 N.Y. Misc. LEXIS 2923 at *29-30 ("There is no need to demonstrate animus: 'intentional

18

discrimination simply involves treating one person less well than another because of protected class status; it does not require evidence of animus.'").

Second, the fact that Amazon's policy permitted flexible schedules for reasons such as needing to attend school, but not due to being a caregiver, *is* sufficient evidence of discriminatory intent. The District Court simply discredits this evidence, wrongly asserting that something more is required. The District Court's elevation of Won's burden was improper. Caregiver status must be afforded the same treatment under the law.

### D. The District Court Misinterpreted the Legislative History Demonstrating that the NYCHRL Protects Caregivers from Differential Treatment

The NYCHRL's strong legislative history further supports that Amazon discriminated against Won by denying her the benefit of flexible scheduling for caregiving reasons when it provides that exact same benefit to employees for non-caregiving reasons. In the Committee on Civil Rights Report[8] on the current version of the law, the following was recognized:

> New York City, like other jurisdictions around the country, faces significant caregiver discrimination. In addition to treating caregivers differently than other employees, employers have historically been reluctant to provide even nominal accommodations for caregivers to

---

[8] The Committee on Civil Rights has jurisdiction over New York City's Equal Employment Practices Commission and Human Rights Commission, as well as citywide Equal Employment Opportunity practices and policies. *See* https://council.nyc.gov/committees/civil-and-human-rights.

meet both their work and familial responsibilities. . . . low-wage workers are often forced out of their jobs because employers *deny them minor scheduling adjustments* needed to accommodate their caregiving responsibilities.

Dena Adams, a single mother, also testified about her experiences as a caregiver at the 2013 hearing. Ms. Adams testified that she was terminated from her job where she worked for 15 years because her employer refused to negotiate alternative arrangements so she could care for her 11-year-old daughter. Ms. Adams also testified that her employer abruptly changed her schedule, requiring her to work unpredictable evening and weekend hours. According to Ms. Adams, despite allowing other employees to work predictable hours to accommodate their school schedule, Ms. Adams' employer would not agree to or discuss any of her suggestions. It is because of stories like Ms. Adams that many jurisdictions throughout the country have passed laws protecting caregivers.

…

In order to provide New Yorkers with similar caregiving protections in the workplace, the Committee has considered and will vote on Proposed Int. No. 108-A, which would add caregiver status to the list of protected classes under the City's Human Rights Law.

A616-619 (emphasis added).

This legislative history demonstrates that the NYCHRL was specifically amended to afford equal treatment and protection to caregivers, like Won, and to prohibit Amazon's discriminatory treatment of denying Won the same terms and conditions of employment as non-caregivers, i.e., a minor schedule adjustment. *See* A622 ("caregivers would be protected from retaliation in asserting their rights . . .

20

[s]uch retaliation could include . . . for example, rejecting a caregiver's request for a change to the terms and conditions of their employment while permitting the same request for non-caregiver employees."); A629-630 (announcing the enactment of the caregiver discrimination law which was intended to address discrimination for "women like Dena Adams" and highlighting that the law "requires employers to provide leave time and workplace flexibility equally").

The District Court misinterpreted this strong legislative history (and Won's arguments), asserting that the NYCHRL does not require employers to provide caregivers with a reasonable accommodation for their caregiving duties, like those provided for some protected classes, i.e., religious observance or persons with disabilities. *Id*. Relying on this rationale, the District Court "declined to read a reasonable accommodation provision for caregivers into the NYCHRL where none exists." *Id*.

The District Court's finding conflated two entirely different legal requirements of the NYCHRL. And its comparison of Won's claim to those of employees seeking reasonable accommodation from their employer was entirely misplaced. The District Court was well aware that Won did not request a reasonable accommodation from Amazon, and has *never* argued that caregivers are entitled to reasonable accommodations for their caregiving needs. A708. Rather, Won has always maintained that the NYCHRL guarantees her equal treatment in her terms

21

and conditions of employment, and guards against Amazon treating Won "less well" than other employees. Thus, the fact that Amazon affords other employees scheduling modifications for non-caregiving reasons, "it follows that its failure to provide the same benefit to Won is discriminatory." A708.

It was also erroneous for the District Court to find "no unlawful discriminatory intent in Amazon's denial of Won's request for a schedule adjustment to care for her son." A710-711. All Won is required to prove under the broad construction of the NYCHRL is that she was treated "less well" than other employees in her terms and conditions of employment. NYC Admin. Code § 8-107(1)(a)(3). Amazon's policy that it grants schedule modifications to employees for non-caregiving reasons, but denies scheduled modifications for caregiving duties, demonstrates that caregivers are treated "less well" in their employment with Amazon. To find otherwise renders the amendment adding caregivers to the NYCHRL's list of protected classes meaningless. The Committee on Civil Rights Report demonstrates this is not what the NYC Council intended. A616-619 ("In order to provide New Yorkers with similar caregiving protections in the workplace, the Committee has considered and will vote on Proposed Int. No. 108-A, which would add caregiver status to the list of protected classes under the City's Human Rights Law.").

Indeed, if the NYCHRL does not require Amazon to afford Won the same access to schedule modifications that are provided to other non-caregiver employees,

22

then there was no point in including the discrimination experienced by Dena Adams in the Committee on Civil Rights Report and specifically noting that caregivers are a protected class entitled to the same conditions and terms of employment. *Reyes*, 141 F.4th at 69 (recognizing that "New York courts give 'considerable weight in discerning legislative intent' to lawmakers' 'contemporaneous interpretation[s] of a statute,' especially those expressed in the 'Governor's Bill Jacket' attached to all New York laws and the 'sponsor's Memorandum' contained therein.") (internal citations omitted). Accordingly, the District Court's Order and Judgment must be vacated as Won has established a claim for caregiver discrimination under the NYCHRL.

### E. The District Court's Complete Disregard for the NYCCHR's Guidance on Caregiver Discrimination Was Clear Error

The District Court also erroneously disregarded the NYCCHR's guidance, mistakenly finding that it was not entitled to any deference. A709. The District Court was required to afford the same deference to the NYCCHR guidance that New York courts do "since the [District] Court is required to apply state substantive law as to state law claims when exercising supplement jurisdiction over those claims." *Long Island Hous. Servs., Inc. v. NPS Holiday Square LLC*, 2023 U.S. Dist. LEXIS 12330, at \*70 (E.D.N.Y. Jan. 24, 2023) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 80 (1938).

23

The District Court's disregard for the NYCCHR's guidance conflicts with well-established precedent by New York courts that have long given deference to an agency's interpretation of the statute it is charged with administering, so long as that interpretation is not unreasonable or irrational. *See e.g.*, *Samiento*, 10 N.Y.3d at 79 (giving deference to the New York State Labor Department's (NYSDOL) interpretation of statutes it is charged with enforcing) (citing *Matter of Chesterfield Assoc. v New York State Dept. of Labor*, 4 N.Y.3d 597, 604 (2005); quoting *Matter of Howard v. Wyman*, 28 N.Y.2d 434, 438, (1971)); *Salvati v. Eimicke*, 72 N.Y.2d 784, 791 (1988) (giving deference to the Division of Housing and Community Renewal's interpretation of statutes it administers) (citing *Matter of Colt Indus. v. New York City Dept. of Fin.*, 66 N.Y.2d 466, 471 (1985); *Matter of New York Pub. Interest Research Group v. New York State Dept. of Ins.*, 66 N.Y.2d 444, 448 (1985); *Matter of Howard v. Wyman*, 28 N.Y.2d 434, 437-438 (1971); *Matter of Mounting & Finishing Co. v. McGoldrick*, 294 NY 104, 108 (1945)); *Andryeyeva v. New York Health Care, Inc.*, 33 N.Y.3d 152, 175 (2019) ("Indeed, we have previously given weight to [the NYSDOL's] opinion letters when deciding whether to defer both to DOL's interpretation of its own regulations as well as the Labor Law.") (citing *Samiento*, 10 NY3d at 79-80 (relying on NYSDOL's opinion letters to support upholding NYSDOL's interpretation of Labor Law § 196-d); *Matter of Peckham v. Calogero*, 12 N.Y.3d 424, 431 (2009)); *Van Vorst v. Lutheran Healthcare*, 2020

24

U.S. Dist. LEXIS 234633, at *43 (E.D.N.Y. 2020) (holding that NYCCHR guidance "cannot be ignored . . . in the face of the holding of the New York Court of Appeals that an agency's 'interpretation of the statute it administers, if not unreasonable or irrational, is entitled to deference.'") (quoting *Salvati*, 72 N.Y.2d at 791); *de la Rosa v. 597 Broadway Dev. Corp.*, 2015 U.S. Dist. LEXIS 158089, at *62-63 (S.D.N.Y. Aug. 4, 2015) ("interpretations of a statute by the agency charged with its administration are entitled to deference from courts applying New York law. . . . We therefore look to the statutory interpretations of the pertinent provisions found in rulings by the [NYCCHR].") (citing *Samiento*, 10 N.Y.3d at 79; *Colt Industries, Inc. v. New York City Pep't of Finance*, 66 N.Y.2d 466, 470-471 (1985); *Acosta v. Loews Corp.*, 276 A.D.2d 214, 220 (1st Dep't 2000); *Riverbay Corp. v. New York City Commn. on Human Rights*, 2011 N.Y. Misc. LEXIS 7105, at *10-12 (Sup. Ct. Bx Cty., Sept. 9, 2011)).

While courts can freely interpret from the statutory language and legislative intent where the question is one of pure statutory reading and analysis, "[d]eference [is] accorded to an agency's interpretation of a statute when the interpretation involves the specialized competence or expertise the agency has developed in administering the statute." *Matter of Jun Wang v. James*, 40 N.Y.3d 497, 501-502 (2023) (citing *Matter of Rosen v Public Empl. Relations Bd.*, 72 N.Y.2d 42, 47 (1988)).

25

Here, as the agency charged with enforcing the NYCHRL, the NYCCHR is the ultimate authority and has developed a specialized competence and expertise in defining, administering, and remedying discriminatory conduct that violates the NYCHRL. Indeed, the NYCCHR is not just the agency charged with administering the NYCHRL, it is legislatively endowed with general jurisdiction and power to eliminate and prevent discrimination. NYC Admin. Code 8-101. This expertise puts the NYCCHR in the best position to identify discriminatory policies against caregivers, and the guidance it issues should be afforded substantial deference by courts charged with evaluating caregiver discrimination claims under the NYCHRL. *See State Div. of Human Rights ex rel. Cottongim v. County of Onondaga Sheriff's Dep't*, 71 N.Y.2d 623, 630 (1988) ("It is the Commissioner of the [NYSDHR] who is primarily responsible for administering the Human Rights Law, and, upon judicial review, his decisions are properly accorded substantial deference when he acts within his area of expertness") (citing *Matter of Board of Educ. v State Div. of Human Rights*, 56 N.Y.2d 257, 261; *Imperial Diner v State Human Rights Appeal Bd.*, 52 N.Y.2d 72, 78 (1980)); *Prerna Singh v. Meetup LLC*, 2024 U.S. Dist. LEXIS 198268, at *8 (S.D.N.Y. Oct. 31, 2024) (acknowledging that NYSDHR is the agency tasked with administering the NYSHRL, and deferring to guidance published by NYSDHR regarding the NYSHRL) (citing *Wang*, 40 N.Y.3d at 501-02).

26

Despite the long-standing history of New York courts granting deference to agency interpretations, the District Court summarily rejected the NYCCHR's guidance, and erroneously relied upon cases applying federal principles of deference, rather than state principles of deference, as required when construing state law. *Reyes*, 141 F.4th at 68-69; *Cojocaru*, 2019 U.S. Dist. LEXIS 221050, at *7 ("A federal court should be hesitant to apply less deference than would a state court in reviewing a state agency's decision about allocation of state funds under a state statute and state regulations.") (citing *Bldg. Trades Employ. Ass 'n*, 311 F.3d at 507). Indeed, the District Court cited to cases that held agency "[i]nterpretations such as those in opinion letters – like interpretations contained in policy statements, agency manuals and enforcement guidelines, all of which lack the force of law – do not warrant *Chevron*-style deference." A709 (citing *Fair Hous. Just. Ctr., Inc. v. Pelican Mgmt. Inc.*, 2023 U.S. Dist. LEXIS 175084, 2023 WL 6390159, at *17 (S.D.N.Y. Sept. 29, 2023), *aff'd*, No. 23-7348-CV, 2025 U.S. App. LEXIS 1242, 2025 WL 251723 (2d Cir. Jan. 21, 2025) (summary order); *Schneider v. Feinberg*, 345 F.3d 135, 142 (2d Cir. 2003)). However, *Chevron* deference is a federal doctrine that is not implemented by New York State courts and is not applicable here when evaluating the NYCCHR's guidance on the NYCHRL.[9] Instead, the District Court

---

[9] *See City of New York ex rel. Lerman v. E-J Elec. Installation Co.*, 2025 N.Y. Misc. LEXIS 1813, *16 (NY. Sup. Ct. March 27, 2025) (rejecting applicability of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 468 U.S. 837 (1984)* and

should have followed New York State courts and afforded deference to the NYCCHR guidance setting forth examples of caregiver discrimination,

Indeed, New York State courts largely defer to agency interpretations, such as opinion letters or guidance. *See e.g., Samiento*, 10 N.Y.3d at 79 (granting deference to NYSDOL's interpretation of the NYLL as contained in opinion letters) (citations omitted); *Salvati*, 72 N.Y.2d at 790-791 (holding, with respect to a determination of the DHCR, that the "DHCR's interpretation of the statutes it administers, if not unreasonable or irrational, is entitled to deference") (citations omitted); *Andryeyeva*, 33 N.Y.3d at 175 ("we have previously given weight to [NYS]DOL's opinion letters when deciding whether to defer both to [NYS]DOL's interpretation of its own regulations *as well as* the Labor Law.") (citing *Samiento*, 10 NY3d at 79-80) (emphasis added).

These state law principles have been recognized by numerous federal courts who have afforded the same deference that state courts apply to state agency interpretations of state law. *See Ramos v. SimplexGrinnell LP*, 740 F.3d 852, 856 (2d Cir.) (deferring to DOL's interpretation of NYLL); *Bldg. Trades Emplrs. Educ. Ass'n v. McGowan*, 311 F.3d 501, 507 (2d Cir. 2002) ("We defer to a state agency's interpretation of its own regulations, unless the interpretation is arbitrary or

---

*Loper Bright Enters v. Raimondo*, 603 U.S. 369 (2024) as "New York Courts are not bound to apply…the United States Supreme Court's interpretation and application of federal separation of powers doctrine under the United States Constitution.").

capricious."); *Beason v. United Techs. Corp.*, 337 F.3d 271, 281-282 (2d Cir. 2003) (applying Connecticut Supreme Court standards of deference to Connecticut Commission on Human Rights and Opportunities' interpretation of the Connecticut Fair Employment Practices Act); *Owens v. PricewaterhouseCoopers LLC*, 786 F. Supp. 3d 831, 845 (S.D.N.Y. 2025) (holding that NYCCHR guidance is persuasive authority); *Prerna Singh v. MeetUp LLC*, 750 F. Supp. 3d 250, 257 (S.D.N.Y. Aug. 22, 2024) (referring to NYCCHR guidance and holding that, "[t]hough a city agency's interpretation of the law is not dispositive of the meaning of the law itself, such guidance by the body tasked with interpreting and executing the commands of the law remains persuasive authority."); *Long Island Hous. Servs., Inc.*, 2023 U.S. Dist. LEXIS 12330, at *70 (affording the same deference to the NYSDHR guidance that New York state courts do "since the Court is required to apply state substantive law as to state law claims when exercising supplement jurisdiction over those claims"); *See Van Vorst v. Lutheran Healthcare*, 2020 U.S. Dist. LEXIS 234633, at *43 (E.D.N.Y. 2020) (citing NYCCHR guidance and noting "the holding of the New York Court of Appeals that an agency's 'interpretation of the statute it administers, if not unreasonable or irrational, is entitled to deference.'"); *de la Rosa v. 597 Broadway Dev. Corp.*, 2015 U.S. Dist. LEXIS 158089, *62-63, 2015 WL 7351540 (S.D.N.Y. Aug. 4, 2015) ("As for definitive interpretations of that statute, the [NYCCHR] is the agency responsible for investigation and adjudication of

29

complaints brought under the NYCHRL…As a general matter, interpretations of a statute by the agency charged with its administration are entitled to deference from courts applying New York law.").

In fact, even those cases relied upon by the District Court support a finding that at least some deference is owed to agency guidance. *See Fair Hous. Just. Ctr.*, ("An administrative agency's construction and interpretation of its own regulations and of the statute under which it functions are entitled to great deference."); *Schneider*, 345 F.32 at 135 ("[i]nterpretive guidelines that lack the force of law but nevertheless 'bring the benefit of [an agency's] specialized experience to bear' on the meaning of a statute, are still entitled to 'some deference,'" which the court described as the "power to persuade.").

Clearly, the District Court erred in disregarding the NYCCHR's guidance on the NYCHRL – a local law that the NYCCHR is charged with administering and has expertise. *See Newson v. Vivaldi Real Estate Ltd.*, 235 A.D.3d 147, 154-155 (1st Dep't 2025) ("the [NYCCHR] disseminated guidance concerning its interpretation of the City HRL…The Commission is entitled to 'great deference' in its interpretations of the City HRL.") (quoting *Matter of Arif*, 3 A.D.3d at 346). The NYCCHR's guidance is clear that, under the NYCHRL, "[a]n employer cannot provide certain benefits, like flexible scheduling, to some employees and refuse to provide the same benefits to employees who request them because of caregiving

30

responsibilities." A609; A608 (same); A611. The NYCCHR's guidance is not irrational or unreasonable, and aligns with the legislative history adding caregivers as a class protected from discrimination under the NYCHRL. *See* A616-619 (Committee's Report reiterating the account of Dena Adams who was denied a flexible work schedule while co-workers were granted flexible schedules to attend school classes, and noting that "[i]n order to provide New Yorkers with *similar caregiving protections in the workplace*, the Committee has considered and will vote on Proposed Int. No. 108-A, which would add caregiver status to the list of protected classes under the City's Human Rights Law.") (emphasis added).

Additionally, courts that have interpreted the NYCHRL caregiver provision have done so in lockstep with the NYCCHR guidance. *See Chaplin*, 2022 N.Y. Misc. LEXIS 35481, at *22-26, 35-36; *Huntley*, Inex No. 151697/2023 at Doc. No. 27, p.5, 2024 WL 3070013; *Palmer*, 65 Misc. 3d at 388-389. Accordingly, the District Court should have followed the NYCCHR's guidance and denied Amazon's motion for summary judgment. *Salvati*, 72 N.Y.2d at 791; *Samiento*, 10 N.Y.3d at 79.

## II. Additional Evidence Submitted By Won Supports That a Jury Could Find In Her Favor on Her NYCHRL Discrimination Claim

While the foregoing alone is sufficient to defeat Amazon's summary judgment motion and warrant reversal, there is additional evidence that Amazon exhibited animus towards caregivers in its dismissive treatment of Won when she

31

repeatedly attempted to obtain the same schedule modification Amazon advertised that it offered to other employees. Indeed, after telling Won that she cannot work at Amazon if she needs a flexible schedule for caregiving purposes, and that Won's scheduling request was "impossible," Amazon coldly suggested that Won ask co-workers whom she does not know to babysit her child, and told her "[i]f you can't abide by the schedule, then you can't work here." A99, ¶¶ 72-73; A227-228.

Although the District Court found that "no rational jury" could find in Won's favor, asserting that the negative comments she cited were inadequate to set forth a claim of discrimination, Won did not rely on these comments as the basis for her claim. A707-708. Won relied on Amazon's admitted policy that it "does not offer scheduling accommodations for childcare obligations" (A29, ¶ 36), but grants employees schedule modifications for non-caregiving reasons, such as a "school schedule adjustment" to accommodate that employee's own educational pursuits. A100-101, ¶¶ 83-86; A601-606, ¶¶ 26, 27, 30, 34, 36; A247; SA14-15. The negative comments Won experienced were submitted in addition to Won's evidence of Amazon's policy, and of Amazon's refusal to provide Won with a schedule modification for her caregiving duties. The District Court failed to consider the totality of Won's evidence, which clearly demonstrates Amazon treated Won "less well" in the terms and conditions of her employment based on her caregiver status, and sets forth a claim for discrimination under the NYCHRL. *Mihalik*, 715 F.3d at

113 (in raising an inference of discrimination under the NYCHRL, "the totality of the circumstances must be considered because 'the overall context in which [the challenged conduct occurs] cannot be ignored.'") (quoting *Hernandez*, 957 N.Y.S.2d at 59).

Moreover, the temporal proximity of Amazon's negative comments to the inequitable treatment of Won permits a jury to find an inference of discrimination. *See Espinal v. Goord*, 558 F.3d 119, 129 (2d Cir. 2009). Indeed, the negative comments occurred in the context of Amazon denying Won's scheduling request based on her caregiving responsibilities, and were undertaken by Amazon employees who were *directly* involved in denying Won's request. *Id*. Even if they do not on their own rise to the level of discrimination, the "overall context" of these comments and their immediate temporal proximity to denying Won's scheduling request at least bolster Won's claim of discrimination. *Mihalik*, 715 F.3d at 113; *Espinal*, 558 F.3d at 129. Accordingly, while Amazon's denial of Won's caregiver schedule modification request is sufficient on its own to establish Won's claim for discrimination under the NYCHRL, the foregoing facts further support that a jury could find in Won's favor. Thus, the District Court's Order and Judgment granting summary judgment on Won's NYCHRL discrimination claim must be vacated.

33

**CONCLUSION**

The District Court erred in dismissing Won's claim for caregiver discrimination under the NYCHRL. Won set forth substantial evidence that Amazon treated Won "less well" and denied her the same terms, conditions, and benefits of employment—a schedule modification—that other employees are provided for non-caregiving reasons, solely because Won needed that modification to meet her caregiving needs. This is precisely the inequitable treatment that the NYCHRL, its legislative history, the NYCCHR guidance, and related caselaw prohibit. Accordingly, for the reasons set forth above, the District Court's Order and Judgment granting summary judgment to Amazon must be vacated with respect to Won's NYCHRL discrimination claim, along with such other and further relief that this Court deems just and proper.

Dated: November 12, 2025
    New York, New York          Respectfully submitted,

          By: _/s/ LaDonna M. Lusher_
              LaDonna M. Lusher, Esq.
              Alanna R. Sakovits, Esq.
              Kara Miller, Esq.
              **VIRGINIA & AMBINDER, LLP**
              40 Broad Street, 7th Floor
              New York, NY 10004
              Tel.: (212) 943-9080
              Fax: (212) 943-9082
              llusher@vandallp.com
              asakovits@vandallp.com

              *Attorneys for Plaintiff-Appellant*

34

## <u>CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)</u>

1.	This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,584 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.	This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14 point font.

Dated: November 12, 2025
New York, New York

Respectfully submitted,

By:  /s/  LaDonna M. Lusher
LaDonna M. Lusher, Esq.
Alanna R. Sakovits, Esq.
Kara Miller, Esq.
**VIRGINIA & AMBINDER, LLP**
40 Broad Street, 7th Floor
New York, NY 10004
Tel.: (212) 943-9080
Fax: (212) 943-9082
llusher@vandallp.com
asakovits@vandallp.com

*Attorneys for Plaintiff-Appellant*

**SPECIAL APPENDIX**

## **Table of Contents**

**Page**

Judgment of the United States District Court, Eastern District of
New York, entered July 1, 2025, Appealed From ...................... SPA1

# SPA1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
CAONAISSA WON,

                 Plaintiff,                JUDGMENT

      v.                               20-CV-2811 (NGG) (LKE)

AMAZON.COM SERVICES LLC,

                 Defendant.
--------------------------------------------------------------X

     A Memorandum and Order of the Honorable Nicholas G. Garaufis, United States District Judge, having been filed on June 30, 2025, granting Amazon's motion for summary judgment; denying Won's cross-motion for partial summary judgment; it is

     ORDERED and ADJUDGED that Amazon's motion for summary judgment is granted; that Won's cross-motion for partial summary judgment is denied; and that all of Won's claims are dismissed.

Dated: Brooklyn, New York               Brenna B. Mahoney
       July 1, 2025                 Clerk of Court

                           By:    */s/Jalitza Poveda*
                                  Deputy Clerk