25-1873-cv
Won v. Amazon.com Servs., LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of June, two thousand twenty-six.

PRESENT: RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.*

------------------------------------------------------------------

CAONAISSA WON,

*Plaintiff-Appellant*,

v. No. 25-1873-cv

AMAZON.COM SERVICES, LLC,

*Defendant-Appellee*.**

------------------------------------------------------------------

* Judge Barrington D. Parker, who was originally assigned to the panel, is unable to participate in consideration of this matter. Pursuant to this Court's Internal Operating Procedures, the appeal has been heard and decided by the remaining two judges of the panel. *See* 2d Cir. IOP E(b).

** The Clerk of Court is directed to amend the caption as set forth above.

| | |
|---|---|
| FOR APPELLANT: | LADONNA M. LUSHER (Alanna R. Sakovits, Kara Miller, *on the brief*), Virginia & Ambinder, LLP, New York, NY |
| FOR APPELLEE: | BRIAN A. RICHMAN, Gibson, Dunn & Crutcher LLP, Dallas, TX (Lauren M. Blas, Gibson, Dunn & Crutcher LLP, Los Angeles, CA, Jason C. Schwartz, Zachary B. Copeland, Gibson, Dunn & Crutcher LLP, Washington, DC, *on the brief*) |
| FOR AMICI CURIAE A BETTER BALANCE AND 11 ADDITIONAL WORKERS' RIGHTS ORGANIZATIONS: | Chelsea Thompson, Katherine Greenberg, A Better Balance, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Caonaissa Won appeals from the July 1, 2025 judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*) granting the motion of Defendant Amazon.com Services, LLC ("Amazon") for summary judgment and denying her cross-motion for partial summary

judgment on her caregiver discrimination claim under the New York City Human Rights Law (NYCHRL). *See* N.Y.C. Admin. Code § 8-107(1)(a). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Section 8-107 of the NYCHRL makes it "an unlawful discriminatory practice . . . [f]or an employer . . . because of the actual or perceived . . . caregiver status . . . of any person . . . [t]o discriminate against such person . . . in terms, conditions[,] or privileges of employment." *Id.* § 8-107(1)(a)(3). To state a claim for caregiver discrimination under § 8-107(1)(a)(3), a plaintiff must show that "she has been treated less well" because of her protected status as a caregiver (for a minor child, for example). *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013) (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (1st Dep't 2009)).

Won maintains that she adduced evidence that Amazon's denial of her request for a schedule modification that students may receive under Amazon's Temporary Schedule Adjustments Policy discriminated against her based on her status as a caregiver. *See* N.Y.C. Admin. Code § 8-107(1)(a)(3). We reject the

argument and agree with the District Court's decision to grant summary judgment in Amazon's favor because Won in fact failed to show that the schedule modification she sought was available to *any* employee under Amazon's policy.[1] While Amazon's policy provides that students may request and receive a temporary schedule modification for a specific period such as a semester, Won's request for a schedule modification failed to include any end date or specific period. On this limited record, we conclude that the District Court properly granted summary judgment.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

[1] We address only the very specific circumstances presented by this appeal. We do not address the case in which, for example, a plaintiff with a protected characteristic under the NYCHRL is denied a schedule modification that is made available to other employees under a company policy.